# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DION MARQUISE HAYES,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:22-CR-00207-WMR-LTW-1 |

## ORDER

Before the Court is the Government's Motion for Detention of Defendant Dion Marquise Hayes. [1:22-cr-00207, Doc. 36]. The Court held a hearing on this motion on November 2, 2022. [1:22-cr-00207, Doc. 41]. For the reasons discussed at the hearing and in this order, the Court GRANTS the Government's motion.

## I.     Background

On August 9, 2021, Defendant pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). [1:20-cr-00123, Doc. 85-1]. As a result of the guilty plea, the Court sentenced Defendant to 3 years of supervised release. [1:20-cr-00123, Doc. 89]. On February 1, 2022, the Court found that Defendant violated the terms of his supervision. [1:20-cr-00123, Doc. 96; *see also* Doc. 97]. Thus, the Court sentenced him to six months in prison, followed by two years of supervised release which included a 90-day in-patient substance abuse

program. [1:20-cr-00123, Doc. 96; *see also* Doc. 97]. The Court thereby directed Defendant to report to federal prison at FCI McDowell Camp in Welch, West Virginia at noon on April 12, 2022. [1:20-cr-00123, Doc. 98].

Defendant, without the assistance of counsel, attempted to appeal this sentence through three documents filed simultaneously on April 5, 2022. [1:20-cr-00123, Docs. 99–101]. Although the documents were largely unintelligible and rested heavily on the argument that Defendant considered himself a sovereign citizen, as best as the Court understood them, Defendant filed a notice of appeal, a motion for reconsideration, and a motion for leave to proceed *in forma pauperis* on appeal. [1:20-cr-00123, Docs. 99–101]. After considering the motions, this Court denied Defendant's motion for reconsideration and motion for leave to proceed *in forma pauperis* on appeal. [1:20-cr-00123, Doc. 104]. The Eleventh Circuit dismissed Defendant's appeal for want of prosecution. [1:20-cr-00123, Doc. 119].

On April 12, 2022, Defendant did not report to FCI McDowell as he was directed to by the Court. [1:22-cr-00207, Doc. 1; *see also* Doc. 2]. As such, on April 28, 2022, the Magistrate Judge issued a warrant for Defendant's arrest for Failure to Surrender for Service of Sentence, in violation of 18 U.S.C. § 3146. [1:22-cr-00207, Doc. 2]. On May 4, 2022, Defendant was arrested and detained in Michigan. [1:22-cr-00207, Doc. 13]. Subsequently, Defendant was directed to be transferred from the

Eastern District of Michigan[1] to the Northern District of Georgia, [1:22-cr-00207, Doc. 11 at 1], pursuant to the Magistrate Judge's Writ of Habeas Corpus Ad Posequendum, for initial appearance and arraignment on June 30, 2022. [1:22-cr-00207, Doc. 17].

At the June 30 initial appearance and arraignment, Defendant pled not guilty to the one count of Failure to Surrender for Service of Sentence, in violation of 18 U.S.C. § 3146. [1:22-cr-00207, Doc. 18 at 3]. As Defendant was about to finish serving the six-month prison sentence for the charge of Felon in Possession of a Firearm, the Government filed the motion before the Court on October 25, 2022, to detain Defendant in in connection with his May 4 arrest for Failure to Surrender for Service of Sentence. [1:22-cr-00207, Doc. 36].

## II.   Legal Standard

Under the Bail Reform Act, the Court "shall order the detention of [a defendant] before trial" if, "after a hearing," the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "Section 3142(e) accords the judicial officer substantial latitude in

---

[1] While the United States District Court for the Eastern District of Michigan granted Defendant bond in the amount of $10,000 [No. 1:22-cr-00207, Doc. 11 at 5–6], this Court is not considering Defendant's detainment from the date of that order to the date of the motion pending before the Court. Instead, this Court is solely ruling on the Government's Motion for Detention [No. 1:22-cr-00207, Doc. 36] in the present Order.

3

determining whether pretrial detention is appropriate." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988). However, the Government must establish the defendant's dangerousness by clear and convincing evidence or a risk of flight by a preponderance of the evidence. *Id.* at 488–89. In deciding "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court takes into account four factors: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" or involves a firearm; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person," including the person's family ties, employment, length of residence in the community, community ties, past conduct, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### III.   Discussion

The Government argues that Defendant should be detained because there is "[a] serious risk that [D]efendant will flee." [1:22-cr-00207, Doc. 36 at 1]. Thus, the Government has the burden to establish that Defendant poses such a flight risk by a preponderance of the evidence. *King*, 849 F.2d at 488–89. Based on a review of the record and the Defendant's prior conduct, the Court finds that the Government has carried its burden of showing that that there are no conditions that will reasonably

assure the appearance of Defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1).

First, the Court must consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" or involved a firearm. *Id.* § 3142(g)(1). Defendant is charged with Failure to Surrender for Service of Sentence, in violation of 18 U.S.C. § 3142. [1:22-cr-00207, Doc. 36]. The record here shows that Defendant failed to report to FCI McDowell to serve a six-month sentence. [1:22-cr-00207, Doc. 1; *see also* Doc. 2]. While this is not a crime of violence or one involving a firearm, the Government has alleged that the charged offense itself shows that Defendant is a flight risk if not detained. The Court agrees. As such, the Court finds that Defendant presents an increased risk to fail to appear a second time if not detained here. Thus, this factor weighs heavily in favor of detainment.

The second factor is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). The Court finds there is sufficient evidence here. Even though Defendant has pled not guilty to the charge at issue [1:22-cr-00207, Doc. 18], it was uncontested at the detainment hearing that the Defendant did not report to FCI McDowell. [1:22-cr-00207, Doc. 41]. Thus, both the Government and Defendant concede that Defendant did in fact fail to report to serve his sentence. This factor also weighs heavily in favor of detainment.

5

Third, the Court must also consider "the history and characteristics of the person," including the person's family ties, employment, length of residence in the community, community ties, past conduct, and criminal history. 18 U.S.C. § 3142(g)(3). Defendant's past conduct and criminal history show he is a flight risk here if not detained. As noted, Defendant failed to appear to serve his sentence at FCI McDowell. [1:22-cr-00207, Doc. 1]. Instead, Defendant had to be tracked down in Michigan and transferred back to this district to appear before this Court again. [1:22-cr-00207, Doc. 11-1]. Likewise, Defendant has twice failed to appear at an arraignment for charges unrelated to the case before this Court. [1:20-cr-00123, Doc. 105 at 10].

Defendant also has a history of fleeing law enforcement. In June and July 2020, Defendant was twice pulled over by law enforcement and fled the traffic stop in his vehicle at high speed. [1:20-cr-00123, Doc. 105 at 5–6]. One of these incidents led to a high-speed chase with law enforcement. [*Id.* at 5]. Also, leading up to the revocation of Defendant's probation in February 2022, Defendant got into an altercation with police and security at his own concert in Las Vegas. [1:20-cr-00123, Doc. 91 at 1]. In this incident, Defendant again fled law enforcement and allegedly struck either an officer or a security guard. [*Id.*] This history of fleeing law enforcement combined with Defendant's failure to appear to serve his sentence weighs strongly in favor of detaining defendant here. Likewise, the parties raised no

6

arguments related to family ties, employment, length of residence in the community, or community ties that indicate that Defendant should not be detained here.

Fourth, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). The Government conceded at the motion hearing that this factor did not weigh heavily against the defendant. [1:22-cr-00207, Doc. 41]. Nonetheless, Defendant's history of altercations with law enforcement presents at least some danger to the community. If Defendant were to refuse to appear again, he has shown a willingness to put others at risk by fleeing at high speed in a vehicle. Likewise, he showed a willingness to resist law enforcement and security with force at his concert in Las Vegas. Finally, the charge for which Defendant failed to serve his sentence was Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Thus, the Government has shown that Defendant does pose some risk to the community if not detained.

Lastly, Defendant argued at the motion hearing that the Court should refrain from ordering Defendant be detained here because the Government's motion was untimely. [1:22-cr-00207, Doc. 41]. Defendant correctly noted that the Government did not move for detention at Defendant's first appearance and arraignment before Judge McBath on June 30, 2022. [*Id.*; *see* 1:22-cr-00207, Doc. 18]. Defendant asserted that 18 U.S.C. § 3142(f)(2) requires a detention hearing to be held

"immediately upon the person's first appearance[.]" Defendant contended that the Government's failure to move for Defendant's detention at this first appearance forecloses the Government's ability to do so now.

This argument, however, has been directly rejected by the Supreme Court of the United States. In a case interpreting the requirements of detention hearings under the Bail Reform Act, the Supreme Court held "that a failure to comply with the first appearance requirement [of 18 U.S.C. § 3142(f)(2)] does not defeat the Government's authority to seek detention of the person charged." *United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990). Thus, "[n]othing in § 3142(f) indicates that compliance with the first appearance requirement is a precondition to holding the hearing or that failure to comply with the requirement renders such a hearing a nullity." *Id.* at 719. Because of this, the Government can lawfully seek to detain Defendant under 18 U.S.C. § 3142 via the current motion.

## IV. Conclusion

For the foregoing reasons, the Court rules the Government has met its burden of showing that there are no conditions that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. Accordingly, the Government's Motion for Detention [1:22-cr-00207, Doc. 36] is **GRANTED**. Furthermore, it is **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in compliance with 18 U.S.C. 3142(i).

**IT IS SO ORDERED**, this 3rd day of November, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE